UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUSTAVO ESCANELLE**<br><br>　　　　**Plaintiff,**<br><br>**Versus**<br><br>**GOLDEN GRIFFIN PUBLISHING, LLC d/b/a ART + DESIGN MAGAZINE, AND EARNEST STEVEN MARTIN**<br><br>　　　　**Defendant.** | **CIVIL ACTION NO.: \_\_\_\_**<br><br>**JUDGE: _____**<br><br>**MAGISTRATE: _____** |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Gustavo Escanelle, who files this Complaint for Damages and alleges as follows:

### INTRODUCTION

1.　This action arises out of copyright infringement by defendants, Golden Griffin Publishing, LLC d/b/a "Art + Design Magazine" ("Golden Griffin" or "Art + Design") and Earnest Steven Martin, of a photograph created and owned by plaintiff, Mr. Escanelle. Mr. Escanelle seeks injunctive relief, damages, and attorneys' fees for injuries that have been and will continue to be caused by the Defendant's unauthorized use of Mr. Escanelle's photograph, in violation of the Copyright Act (17 U.S.C. §101 *et seq.*) and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 15:1401 *et seq.*).

### JURISDICTION AND VENUE

2.　This action arises under the Copyright Act (17 U.S.C. §101 *et seq.*), and this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338(a) (original and exclusive jurisdiction over copyright actions).

1

3. This Court has supplemental jurisdiction under 28 USC §1367 over state-law claims; under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*; under Louisiana Civil Code Article 2315; which arise from the same transactions or occurrences and implicate the same questions of fact and related questions of law.

4. This Court has personal jurisdiction over Defendant because its principal place of business is in Louisiana and it does systematic and continuous business in Louisiana and in this judicial district.

5. Venue in this District is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. § 1400(a). A substantial part of the acts of infringement complained of herein occurs or has occurred in this District, and/or this is a judicial district in which Defendant resides or may be found.

## PARTIES

6. Plaintiff Gustavo Escanelle is a Louisiana citizen of full age of majority residing in Orleans Parish, Louisiana.

7. Upon information and belief, Defendant Golden Griffin is a Louisiana limited liability company with its principal place of business at 624 Julia Street, New Orleans, LA 70130. Its registered agent is Steve Martin, located at this same address. Upon information and belief, Golden Griffin Publishing, LLC publishes and owns Art + Design Magazine.

8. Upon information and belief, Defendant Earnest Steven Martin is a Louisiana citizen of full age of majority residing in Orleans Parish, Louisiana, who is believed to be the sole owner and operator of Golden Griffin and who personally directed and/or consented to Golden Griffin's infringing activities.

**FACTUAL BACKGROUND**

9. Plaintiff is a professional photographer specializing in fashion photography who is engaged in the business of creating, publishing, and/or licensing his copyrighted works. Plaintiff invests substantial sums of money, time, effort, and creative talent to create his artwork and images.

10. On or around March 25, 2015, Plaintiff took the following photograph (the "Copyrighted Photograph"), to which he affixed the words "(C) 2015 Gustavo Escanelle, All Rights Reserved" in the lower right corner, as noted in the highlighted section:



11. Plaintiff subsequently registered his copyright in the work of visual art with the United States Copyright Office, bearing registration number VA 2-014-199. (Attached as Exhibit 1, Certificate of Registration.)

12. Despite efforts to protect the copyrighted artwork, Golden Griffin nevertheless published Plaintiff's photograph in its advertisements without Plaintiff's permission.

13. In publishing Plaintiff's work in its Summer 2015 issue of its publication, Art + Design Magazine, Golden Griffin distorted and modified Plaintiff's work in order to remove Plaintiff's claim of authorship and attribution, as follows:



14. Golden Griffin, through its owner, Mr. Martin, was notified of the infringement of Plaintiff's copyrighted work. Despite this notice and its actual knowledge of the infringements, Defendants have refused to make restitution to Plaintiff or to give him the proper credit for the image. This refusal on the part of Defendants has caused Plaintiff serious and continuing damages.

15. Upon information and belief, the foregoing actions and inactions by Golden Griffin were at the direction of its owner, Mr. Martin.

16. Upon information and belief, Golden Griffin receives monthly revenues from subscriptions and companies who buy advertisements in the publication. Golden Griffin's action in publishing Plaintiff's copyrighted work without paying for a license denies Plaintiff of the revenues to which he is entitled. Moreover, because Art + Design Magazine has a large distribution (Art + Design Magazine claims 40,000 hard copies in New Orleans, subscriptions throughout the country, and world-wide distribution in 80+ countries), Golden Griffin's actions in removing Plaintiff's copyright notice and name further denies Plaintiff of the attribution and recognition upon which his business depends.

**CLAIMS FOR RELIEF**

**COUNT I - INFRINGEMENT OF PLAINTIFF'S EXCLUSIVE RIGHT TO REPRODUCE THE COPYRIGHTED PHOTOGRAPH**

17. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

18. Defendants violated Plaintiff's 17 U.S.C. § 107(1) exclusive right to reproduce the Copyrighted Photograph by printing approximately 40,000 copies of the Summer 2015 magazine containing Plaintiff's Copyrighted Photograph, and by further publishing a copy of the Summer 2015 magazine on the internet.

5

19. Defendants infringe upon Plaintiff's reproduction copyright each time Art + Design allows a subscriber or any internet user to view or download the image through the Art + Design website or system. By providing the site and facilities necessary for its subscribers to access the copyrighted image, Art + Design has and continues to materially contribute to the damage suffered by Plaintiff as a result of Defendants' copyright infringement.

20. Defendants' copyright infringement has damaged Plaintiff in a sum not presently known but believed to be significant.

21. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement.

22. As a direct and proximate result of Defendants' infringements of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to permanent injunctive relief, damages, and Defendants' profits pursuant to 17 U.S.C. § 504(b).

23. Alternatively, in lieu of damages and Defendants' profits, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $30,000. In the event that Plaintiff shows that Defendants' actions were willful, intentional, and/or purposeful, Plaintiff will be entitled to enhanced remedies in the amount of $150,000.

24. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**COUNT II - INFRINGEMENT OF PLAINTIFF'S EXCLUSIVE RIGHT
TO DISTRIBUTE COPIES OF THE COPYRIGHTED PHOTOGRAPH**

25. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

26. Defendants violated Plaintiff's 17 U.S.C. § 107(3) exclusive right to distribute copies of the Copyrighted Photograph by disseminating approximately 40,000 copies of the

6

Summer 2015 magazine and by offering the magazine for sale on Defendant's website and subsequently selling access to the magazine online.

27. Defendants infringe upon Plaintiff's distribution copyright each time Art + Design allows a subscriber or any internet user to view or download the image through the Art + Design website or system. By providing the site and facilities necessary for its subscribers to access the copyrighted image, Art + Design has and continues to materially contribute to the damage suffered by Plaintiff as a result of Defendant's copyright infringement.

28. Plaintiff, under this cause of action, is entitled to damages equal to the amounts described in Count I.

### COUNT III – INFRINGEMENT OF PLAINTIFF'S RIGHT OF ATTRIBUTION AND INTEGRITY

29. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

30. In publishing Plaintiff's work in its magazine without permission, Defendants distorted and modified Plaintiff's work in order to remove Plaintiff's claim of authorship and attribution, in violation of 17 USC § 106A.

31. Plaintiff is entitled to preliminary and permanent injunctive relief, damages, attorneys' fees, the destruction of Defendants' infringing products, and the removal of the infringing image from all web sites containing representations of Plaintiff's Copyrighted Photograph.

32. Plaintiff, under this cause of action, is entitled to damages equal to the amounts described in Count I.

### COUNT IV - LOUISIANA CIVIL CODE ARTICLE 2315 DAMAGES CLAIM.

33. Plaintiff incorporates herein by reference each and every averment contained in

the foregoing paragraphs as if fully set forth herein.

34. Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful acts, as set forth in detail above.

## COUNT V - UNJUST ENRICHMENT

35. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

36. Defendants have been unjustly enriched through the above-described wrongful acts. Defendants are therefore liable for damages for unjust enrichment.

## COUNT VI – LOUISIANA UNFAIR TRADE PRACTICES

37. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

38. The above-described wrongful acts constitute unfair or deceptive acts or practices, in violation of La. R.S. 51:1409.

39. Consequently, Defendants are liable for actual damages and attorneys' fees.

40. In the event that Plaintiff shows that Defendants' actions were done knowingly, Plaintiff will be entitled to three times the damages sustained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) For entry of judgment against Defendant for all damages to which Plaintiff may be entitled, including Defendant's profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiff's election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

b) For prejudgment and post-judgment interest according to law;

c) For Plaintiff's attorneys' fees, and full costs and disbursements in this action; and

d) For such other and relief as the court may find appropriate.

        Respectfully Submitted,

        _/s/ Brad Harrigan_
        BRAD E. HARRIGAN (Bar No. 29592)
        TOLAR HARRIGAN & MORRIS LLC
        1055 St. Charles Avenue, Suite 208
        New Orleans, LA 70130
        Telephone: (504) 454-3238
        Facsimile: (504) 454-3855
        bharrigan@nolaipa.com
        *Counsel for Gustavo Escanelle*