UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GUSTAVO ESCANELLE<br>Plaintiff<br><br>vs.<br><br>GOLDEN GRIFFIN PUBLISHING, LLC, d/b/a ART + DESIGN MAGAZINE, and<br><br>STEVE MARTIN,<br><br>Defendants | CIVIL ACTION<br>CASE NO. 17-10181<br>SECTION "E" (4) |

## MEMORANDUM IN SUPPORT OF PARTIAL RULE 12(b)(6) MOTION TO DISMISS

Golden Griffin Publishing, LLC and Steve Martin ("Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of Partial Rule 12(b)(6) Motion to Dismiss. This memorandum addresses only the Louisiana state law claims pled by Gustavo Escanelle ("Plaintiff").

### I. BACKGROUND

*Procedural History*

Plaintiff filed his Complaint for Damages and Injunctive Relief (the "Complaint") against Defendants on October 5, 2017. Defendants filed a Motion for Extension of Time to Answer Complaint on October 26, which motion was granted by order of this Court on October 30, 2017, extending Defendant's time to respond to Plaintiff's Complaint to November 20, 2017.

*Factual Allegations*

Plaintiff's relevant allegations against Defendants are as follows:

> 10. On or around March 25, 2015, Plaintiff took the following photograph (the "Copyrighted Photograph"), to which he affixed the words "(C) 2015 Gustavo Escanelle, All Rights Reserved" in the lower right corner, as noted in the highlighted section: [picture omitted]
>
> . . .
>
> 12. Despite efforts to protect the copyrighted artwork, Golden Griffin nevertheless published Plaintiff's photograph in its advertisements without Plaintiff's permission.
>
> 13. In publishing Plaintiff's work in its Summer 2015 issue of its publication, Art + Design Magazine, Golden Griffin distorted and modified Plaintiff's work in order to remove Plaintiff's claim of authorship and attribution, as follows: [picture omitted]
>
> 14. Golden Griffin, through its owner, Mr. Martin, was notified of the infringement of Plaintiff's copyrighted work. Despite this notice and its actual knowledge of the infringements, Defendants have refused to make restitution to Plaintiff or to give him the proper credit for the image. This refusal on the part of Defendants has caused Plaintiff serious and continuous damages.

## II.  LAW & ARGUMENT

### A.  Legal Standard

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Once a claim

has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at 563, 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted).[1]

B. *Counts IV, V, and VI of Plaintiff's Complaint Fail to State a Cause of Action*

Plaintiff has plead three claims based in Louisiana state law. For the reasons described below, all three of these claims are not properly before this court as a result of Plaintiff's failure to state a claim. The failed claims are as follows:

- Count IV – Plaintiff alleges that Defendants are in violation of Louisiana Civil Code Art. 2315 due to the commission of allegedly wrongful acts. However, the alleged wrongful acts occurred in the summer of 2015 and any claim for damages based on these acts are time-barred by a one-year prescriptive period. Plaintiff fails to plead an exception to the one-year prescriptive period and accordingly fails to state a cause of action.

- Count V – Plaintiff alleges that Defendants have been unjustly enriched due to Defendants' allegedly wrongful acts. However, a claim for unjust enrichment is available to Plaintiff only if no other remedy exists, even if that remedy is prescribed. Plaintiff acknowledges and pleads other remedies, nullifying Plaintiff's claim for unjust enrichment.

---

[1] *Guzman v. Fed. Emergency Mgmt. Agency*, 13-6259, 2014 WL 3401114 (E.D. La. July 11, 2014)

- <u>Count VI</u> – Plaintiff alleges that Defendants committed a violation of the Louisiana Unfair Trade Practices Act ("LUPTA") due to Defendants' allegedly wrongful acts. However, the alleged wrongful acts occurred in the summer of 2015 and any LUPTA claim based on these acts are time-barred by a one-year peremptive period. Plaintiff fails to plead an exception to the one-year peremptive period and accordingly fails to state a cause of action.

Because Plaintiff fails to state a cause of action in Counts IV, V, and VI of his Complaint, as more fully explored below, those claims should be dismissed.

    C.    *Plaintiff's LA Civil Code Article 2315 Damages Claim is Prescribed*

Plaintiff's LA Civil Code Art. 2315 damages claim, a delictual action, is subject to a one year period of prescription which has now passed. The Louisiana Supreme Court, in *Wimberly v. Gatch*, 635 So.2d 206 (La.1994), summarizes liberative prescription of a delictual action:

> Liberative prescription runs against all persons unless exception is established by legislation. LSA-C.C. art. 3467. It runs against absent persons and incompetents, including minors and interdicts, unless exception is established by legislation. LSA-C.C. art. 3468. **The one year liberative prescription period for delictual actions begins to run from the date the injury or damage is sustained.** LSA-C.C. art. 3492. This prescription statute, like all others, is strictly construed against prescription and in favor of the obligation sought to be extinguished by it. *Bouterie v. Crane*, 616 So.2d 657 (La.1993); *Bustamento v. Tucker*, 607 So.2d 532 (La.1992); *Lima v. Schmidt*, 595 So.2d 624 (La.1992); *Foster v. Breaux*, 263 La. 1112, 270 So.2d 526 (1972).
>
> **When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed.** *Bouterie v. Crane*, *supra*; *Lima v. Schmidt, supra*. The plaintiff has three theories upon which he may rely to establish

prescription has not run, to wit, suspension, interruption or renunciation. *Id.* (Emphasis added.)

The alleged wrongful action committed by Defendants is the publishing of an allegedly copyrighted image in the Summer 2015 issue of Art + Design Magazine and the magazine's corresponding website. As stated in Plaintiff's Complaint:

> Despite efforts to protect the copyrighted artwork, Golden Griffin nevertheless published Plaintiff's photograph in its advertisements without Plaintiff's permission.
>
> **In publishing Plaintiff's work in its Summer 2015 issue of its publication**, Art + Design Magazine, Golden Griffin distorted and modified Plaintiff's work in order to remove Plaintiff's claim of authorship and attribution (Emphasis added).[1]

Absent some exception, Plaintiff's damages claim stemming from the publication of the allegedly copyrighted image began to run no later than the summer of 2015 publication and distribution of the Summer 2015 Art + Design Magazine issue. Consequently, it appears on the face of the pleadings that any claim for relief from Defendants' alleged wrongful act made after the summer of 2016 is time-barred, and it devolves upon Plaintiff to demonstrate otherwise.

Plaintiff has failed to plead any exceptions to the one year liberative prescription period. Plaintiff has not plead any theory as to why prescription has not run, such as suspension, interruption or renunciation. Plaintiff's claim for damages is prescribed and should be dismissed.

---

[1] Complaint at p. 4

### D. Plaintiff's Unjust Enrichment Claim Is Unavailable

Plaintiff's unjust enrichment claim is unavailable when there is any other legal remedy, even if prescribed,[2] available to Plaintiff. Taking all allegations in the complaint as true, Plaintiff pleads multiple remedies available to address Defendants' allegedly wrongful acts. Because Plaintiff's pleading states multiple avenues for relief, Plaintiff's unjust enrichment claim against Defendants should be dismissed for failure to state a claim under Rule 12(b)(6).

Addressing enrichment without cause, the Louisiana Civil Code states that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ. Code Ann. art. 2298.

The unjust enrichment remedy is "only applicable to fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Record Mgmt., LLC* at 244. Unjust enrichment is unavailable even if the plaintiff's other claims have prescribed or if the plaintiff does not successfully pursue another available remedy. *Id.* In other words, simply because a plaintiff's claims against one defendant may ultimately prove unsuccessful, that does not mean that the plaintiff has no legal remedy available to it as is required to state a claim for unjust enrichment. *See Pinegrove Elec. Supply Co. v. Cat Key Constr., Inc.*, 11-660 (La. App. 5 Cir. 2/28/12); 88 So.

---

[2] *See Walters v. MedSouth Record Mgmt., LLC*, 2010-0353 (La. 6/4/10); 38 So. 3d 243, 244. ("[W]e find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.")

{00164530.DOCX;1}            6

3d 1097, 1101 (citing *Carriere v. Bank of La.*, 95-3058 (La. 12/13/96); 702 So. 2d 648, 672, on reh'g (11/3/97)) ("The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment by bringing an action against a solvent person. It merely connotes the ability to bring the action or seek the remedy."); see also *Cent. Facilities Operating Co. v. Cinemark U.S.A., Inc.*, No. CIV.A. 11-660-JJB, 2012 WL 1121217, at *4 (M.D. La. Feb. 29, 2012), *report and recommendation adopted*, No. CIV.A. 11-660-JJB, 2012 WL 1123363 (M.D. La. Apr. 3, 2012); *Harris Builders, L.L.C. v. URS Corp.*, 861 F. Supp. 2d 746, 755-56 (E.D. La. 2012); *Westbrook v. Pike Elec., L.L.C.*, 799 F. Supp. 2d 665, 672 (E.D. La. 2011).

Here, Plaintiff has asserted multiple causes of action against Defendants and has plead the availability of a remedy through these causes of action all addressing the same damages. Plaintiff pleads the following in his Complaint:

- **Count I – Infringement of Plaintiff's Exclusive Right to Reproduce the Copyrighted Photograph[3]**

- **Count II – Infringement of Plaintiff's Exclusive Right to Distribute the Copyrighted Photograph[4]**

- **Count III – Infringement of Plaintiff's Exclusive of Attribution and Integrity[5]**

- **Count IV – Louisiana Civil Code Article 2315 Damages Claim[6]**

- **Count VI – Louisiana Unfair Trade Practices[7]**

---

[3] Complaint at p.5
[4] Complaint at p.6
[5] Complaint at p.7
[6] *Id*.
[7] Complaint at p.8

{00164530.DOCX;1}                                                7

Each of these claims allege damages to Plaintiff due to Defendants' alleged wrongful use of Plaintiff's image. Even if Plaintiff is ultimately unsuccessful in his claims against Defendants, it does not mean that Plaintiff has no legal remedy available to him for purposes of an unjust enrichment analysis. Accordingly, Plaintiff cannot state an unjust enrichment claim against Defendants as a matter of law and his claim should be dismissed.

### E. Plaintiff's LUPTA Claim is Perempted

Plaintiff's LUPTA claim is subject to a one year peremptive period which has now passed. Taking all allegations in the complaint as true, Plaintiff's claims against Defendants are perempted under La. Rev. Stat. 51:1409(E). Because Plaintiff's factual allegations fail to raise a right to relief against Defendants, Plaintiff's LUPTA claim against Defendants should be dismissed for failure to state a claim under Rule 12(b)(6). La. Rev. Stat. 51:1409 provides (emphasis added):

> A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.
> B. Upon commencement of any action brought under Subsection A of this Section, the plaintiff's attorney shall mail a copy of the petition to the attorney general, and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general, but failure to conform with this

> Subsection shall not affect any of plaintiff's rights under this Section.
> C. Any permanent injunction, judgment or order of the court made under R.S. 51:1407 and R.S. 51:1408 shall be prima facie evidence in an action brought under R.S. 51:1409 that the respondent used or employed a method, act or practice declared unlawful by R.S. 51:1405 or by rule or regulation promulgated pursuant thereto; provided, however, that this subsection shall not apply to consent orders or voluntary assurances of compliance.
> D. If any person is enjoined from the use of any method, act, or practice or enters into a voluntary compliance agreement accepted by the attorney general under the provisions of this Chapter, such person shall have a right of action to enjoin competing businesses engaged in like practices.
> **E. The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action.**

While the plain language of the statute provides for a one-year prescriptive period, the state and federal courts have consistently held that the one-year period to bring a LUPTA claim is **peremptive** and not prescriptive in effect. As explained by this Court in *Abene v. Jaybar, LLC*:

> Both the federal and the Louisiana intermediate appellate courts have consistently recognized that the one-year time limitation for a LUTPA claim, see La.Rev.Stat. Ann. § 51:1409(E), is peremptive in nature. See, e.g., *Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 481 n. 4 (5th Cir.2002); *Carriere v. Jackson Hewitt Tax Serv. Inc.*, 750 F.Supp.2d 694, 705 (E.D.La.2010); *Morris v. Sears, Roebuck & Co.*, 765 So.2d 419, 422 (La.Ct.App. 4th Cir.2000). [8]

Peremption is defined as a period of time fixed by law for the existence of a right. La. Civ. Code art. 3458. Once a peremptive period tolls, the obligation sought to be enforced is extinguished. *Id.* When peremption is evident from the face of the pleadings, as it is in this case,

---

[8] E.D. La. 2011, 802 F.Supp.2d 716

{00164530.DOCX;1}  9

the burden of proof shifts to the plaintiff to prove that the claims are not perempted. *Bijeaux v. Broyles*, 2011-830, p. 3 (La. App. 3d Cir. 2/8/12), 88 So.3d 523, 526 *citing Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065.

Here, Defendants' alleged act, omission, or neglect occurred in the summer of 2015 when the photograph at issue was published in the Summer 2015 issue of Art + Design Magazine and the magazine's corresponding website. As stated in Plaintiff's Complaint:

> Despite efforts to protect the copyrighted artwork, Golden Griffin nevertheless published Plaintiff's photograph in its advertisements without Plaintiff's permission.
>
> **In publishing Plaintiff's work in its Summer 2015 issue of its publication**, Art + Design Magazine, Golden Griffin distorted and modified Plaintiff's work in order to remove Plaintiff's claim of authorship and attribution (Emphasis added).[9]

Plaintiff's claims against Defendants, filed on October 5, 2017, more than two years after Defendants' alleged act, omission, or neglect, are perempted. Plaintiff fails to plead any exception to the one-year peremptive period. Even if Plaintiff were to amend his Complaint to plead an exception to the peremptive period, that allegation would fail. Because a claim under LUPTA is peremptive, not prescriptive, the doctrine of contra non valentum does not apply. *Tubos de Acero de Mexico S.A. v. American International Investment Corporation, Inc.*, 292 F.3d 471, 482-83 (5th Cir. 2002).

Plaintiff has failed to plead any exceptions to the one year peremptive period. Plaintiff has not plead any theory as to why peremption has not run. Plaintiff's LUPTA claim is perempted and should be dismissed.

---

[9] Complaint at p. 4

{00164530.DOCX;1} 10

### III.    CONCLUSION

Because Gustavo Escanelle has failed to make sufficient allegations in Counts IV, V, and VI to state a claim upon which relief can be granted against Defendants, Defendants respectfully ask the Court to dismiss, with prejudice, Counts IV, V and VI of Gustavo Escanelle's Complaint against Defendants.

 Respectfully submitted,

 LOWE, STEIN, HOFFMAN,
  ALLWEISS & HAUVER, L.L.P.

 */s/ Mitchell J. Hoffman*
 MITCHELL J. HOFFMAN (#6896)
 One Shell Square, Suite 3600
 701 Poydras Street
 New Orleans, Louisiana  70139
 Telephone:  (504) 581-2450

 /s/ *David C. Deal*
 David C. Deal (VA Bar No.: 86005)
 The Law Office of David C. Deal, P.L.C.
 P.O. Box 1042
 Crozet, VA 22932
 434-233-2727, Telephone
 888-965-8083, Facsimile

 ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Defendants' Memorandum In Support of Partial Rule 12(b)(6) Motion to Dismiss has been served upon Plaintiff, Gustavo Escanelle, through his attorney of record via the Court's CM/ECF by electronic (email) transmission to:

    bharrigan@nolaipa.com

New Orleans, Louisiana, November 17, 2017

    */s/ Mitchell J. Hoffman*
    MITCHELL J. HOFFMAN

    */s/ David C .Deal*
    DAVID C. DEAL