## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUSTAVO ESCANELLE** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 17-10181** |
| **Versus** | **JUDGE SUSIE MORGAN** |
| **GOLDEN GRIFFIN PUBLISHING, LLC** **d/b/a ART + DESIGN MAGAZINE, AND** **EARNEST STEVEN MARTIN** | **MAGISTRATE KAREN WELLS ROBY** |
| **Defendant.** | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### PARTIAL RULE 12(b)(6) MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Gustavo Escanelle, with his Opposition to Golden Griffin Publishing LLC and Steve Martin's ("Defendants") "*Partial Motion to Dismiss*" ("Defendants' Motion") (R.Doc. 15).   As more fully set forth below, Defendants' Motion should be denied.

### FACTUAL BACKGROUND

Plaintiff is a professional photographer specializing in fashion photography who is engaged in the business of creating, publishing, and/or licensing his copyrighted works.[1]  In or around March 25, 2015, Plaintiff took a series of photographs of certain apparel at New Orleans' Fashion Week.[2]

---

[1] R.Doc. 1, p. 3, ¶9.

[2] R.Doc. 1, p. 3, ¶10.

Without authorization or permission, however, Defendants misappropriated Plaintiff's photograph and published it in their magazine without payment or attribution.[3]  Defendants further published Plaintiff's photograph in their website and magazine reprints.[4]  The subject image could be found on Plaintiff's website through the filing of the instant lawsuit,[5] after which it was purportedly removed and the infringing conduct allegedly abated.

## LAW AND ARGUMENT

A.   **Plaintiff's Claim for Damages Pursuant to C.C. Art. 2315 (Count IV) and for Violation of the Louisiana Unfair Trade Practices Act Pursuant to R.S. 51:1409 (Count VI) Have Not Prescribed.**

Defendants have moved to dismiss Count IV for damages pursuant to C.C. Art. 2315 and Count VI for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA") pursuant to R.S. 51:1409 on the basis that both claims have purportedly prescribed. Defendants' prescription argument, however, is grounded on the false assertion that Defendants' wrongful conduct consisted of a one-time act that occurred in the Summer of 2015.  This argument is based on a highly selective reading of the Complaint that wholly ignores allegations throughout the Complaint that confirm that Defendants' wrongful conduct has continued for years. Defendants' misappropriate Plaintiff's artwork, infringe upon Plaintiff's copyright, and continually harm the Plaintiff *each and every day* that the Defendants chose to publish the artwork on their website and in reprints of the subject magazine.  Furthermore, Defendants actions continued even after they were put on actual notice of the infringement.[6]

---

[3] R.Doc. 1, pp. 4-9, ¶¶12 *et seq.*

[4] R.Doc. 1, pp. 6-7, ¶26.

[5] R.Doc. 1, p. 6, ¶19.

[6] R.Doc. 1, p. 5, ¶14.

The Louisiana Supreme Court has held that when tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages has abated.[7]  Further, Louisiana appellate courts[8] and the U.S. Fifth Circuit[9] have also held that the continuing tort doctrine applies equally to LUTPA's peremptive period.

Here, the allegations in the Complaint confirm that the tortious conduct and damages continued through filing of the instant lawsuit.  Specifically, Plaintiff alleges the following:

- o **"Defendants infringe upon Plaintiff's reproduction copyright each time Art + Design allows a subscriber or any internet user to view or download the image through the Art + Design website or system.**  By providing the site and facilities necessary for its subscribers to access the copyrighted image, Art + Design **has and continues to materially contribute to the damage** suffered by Plaintiff as a result of Defendants' copyright infringement."[10]

- o Defendants are liable for "**offering the magazine for sale on Defendant's website and subsequently selling access to the magazine online.**"[11]

- o "By providing the site and facilities necessary for its subscribers to access the copyrighted image, Art + Design **has and continues** to materially contribute to the damage suffered by Plaintiff as a result of Defendants' copyright infringement."[12]

- o This suit further seeks damages for "injuries that **have been and will continue to be caused**"[13] by the Defendants' actions.

---

[7] *See, e.g., Bustamento v. Tucker,* 607 So.2d 532 (La.1992); *Louisiana AG Credit, PCA v. Livestock Producers, Inc.,* 42,072 (La.App.2d Cir.04/04/07), 954 So.2d 883, *writ denied,* 2007–1146 (La.09/14/07), 963 So.2d 1001.

[8] *See, e.g., Benton, Benton and Benton v. Louisiana Public Facilities Authority,* 672 So.2d 720, 723 (La.App. 1st Cir.1996).

[9] *See Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.,* 292 F.3d 471, 481 (5th Cir. 2002) (holding that continuing nature of LUTPA violation "extended the period for filing the LUTPA claim" because conduct did not abate more than one year prior to the filing of the suit).

[10] R.Doc. 1, p. 6, ¶19.

[11] R.Doc. 1, pp. 6-7, ¶26.

[12] R.Doc. 1, p. 6, ¶19.

[13] R.Doc. 1, p. 1, ¶1.

○   Plaintiff has also alleged continuing damages in the form of the loss of ongoing royalties and/or damages from the continued use of the artwork,[14] as well as the fact that Defendants' ongoing conduct "further denies Plaintiff of the attribution and recognition upon which his business depends."[15]

Based on the foregoing, the allegations in the Complaint allege continuous torts insofar as the Complaint alleges that 1) Defendants' actions were on an ongoing basis, as they continued to publish and distribute Plaintiff's copyrighted photograph online and in reprints and distribution of the magazine throughout the country and on a world-wide basis;[16] 2) Defendants ongoing misappropriation and infringement did not abate until *after* suit was filed; and 3) Plaintiff suffered continuous and ongoing harm in the form of loss of ongoing royalties and damages from the continued use of the photograph[17] and because Defendant's actions in continually disseminating Plaintiff's photograph without his name "further denies Plaintiff of the attribution and recognition upon which his business depends."[18]   Because Defendants' actions are considered "continuing torts" that did not abate until after suit was filed, Defendants' Motion to Dismiss based on prescription must be denied.

**B.      Plaintiff Has Asserted a Proper Cause of Action for Unjust Enrichment (Count V).**

Next, Defendants assert that Plaintiff's claim for unjust enrichment (Count V) is improper because a party may not assert a claim for unjust enrichment when other available legal remedies

---

[14] R.Doc. 1, p. 5, ¶14.

[15] R.Doc. 1, p. 5, ¶16.

[16] Additionally, Defendants are well aware that their actions continued *through filing of the lawsuit*, as counsel for the parties exchanged emails about this very issue (See Exhibit A), after which undersigned counsel was advised that the image had subsequently been removed from Defendants' online publication and from future reprints of the magazine.  To the extent such information is outside of the scope of the instant Motion to Dismiss, Plaintiff believes that the information is at least sufficient to show reasonable grounds to grant leave to amend the lawsuit, as noted in Section C, below.

[17] R.Doc. 1, p. 5, ¶14.

[18] R.Doc. 1, p. 5, ¶16.

are available.  Plaintiff does not dispute that it may not recover for unjust enrichment when other viable remedies are available.  Instead, however, Plaintiff asserts that it is premature to presuppose that other available remedies are available at the pleading stage of this litigation.

Defendants' theory is premised on the notion that Plaintiff's other claims could be viable. This is an improper assumption at the pleadings stage of the litigation, however, as discovery may ultimately show that these causes of action are unsustainable and/or improper and that Plaintiff has no other viable claim for recovery.  Merely *asserting* a claim in a lawsuit does not automatically mean that the remedy is available to the claimant.  Next, and likely based on the foregoing reason, this court has repeatedly held that unjust enrichment may be pleaded as an alternative remedy.[19]

To the extent that discovery ultimately confirms that Plaintiff has (or had) other alternative remedies available to him, Plaintiff would agree that the instant claim for unjust enrichment is inapplicable.  Until such time, however, it would be inappropriate to dismiss the instant claim for unjust enrichment, as the facts may show that unjust enrichment is the *only* claim available to the Plaintiff.  Consequently, Plaintiff respectfully submits that dismissal of his claim for unjust enrichment is inappropriate at the pleading stage of this litigation.

## C.      In the Alternative, Plaintiff Should Be Afforded Leave to Amend

Lastly, and in the alternative, should the Court feel that the foregoing allegations in the Complaint are insufficient, Plaintiff submits that it should first be granted leave to amend in order to correct any perceived deficiencies with the filing.

---

[19] *See, e.g, McCullum v. McAlister's Corp.*, 2010 WL 1489907 (E.D.La. 2010) (holding that unjust enrichment may be asserted as an alternative remedy); *ORX Resources, Inc. v. Autra*, 2009 WL 3447256 (E.D.La. 2009) (same); *Mayer v. Lamarque Ford, Inc.*, 2001 WL 175232 (E.D.La. 2001) (denying motion to dismiss for unjust enrichment because it was pleaded in the alternative).

**CONCLUSION**

As shown by the foregoing, dismissal is not warranted because the Defendants' actions amount to continuous torts extending the period for filing Plaintiff's state law claims, and because Plaintiff's claim for unjust enrichment is an acceptable alternative remedy. Accordingly, Defendants' motion should be denied.

Respectfully Submitted,

BRAD E. HARRIGAN (Bar No. 29592)
TOLAR HARRIGAN & MORRIS LLC
1055 St. Charles Avenue, Suite 208
New Orleans, LA 70130
Telephone:  (504) 454-3238
Facsimile:  (504) 454-3855
bharrigan@nolaipa.com
*Counsel for Gustavo Escanelle*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Brad E. Harrigan